STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LIPE
2023 OK 19
Case Number: SCBD-7416
Decided: 03/06/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 19, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION.

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MELISSA ANN LIPE, Respondent.
ORDER OF EMERGENCY INTERIM SUSPENSION
¶1 On January 26, 2023, Complainant, the Oklahoma Bar Association (OBA), filed a verified complaint against Respondent, Melissa Ann Lipe, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) 5 O.S.2011, ch. 1, app. 1-A. With the concurrence of the Professional Responsibility Commission, the OBA requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.
¶2 The complaint alleges Respondent is currently suspended by Order of the Oklahoma Supreme Court for noncompliance with her mandatory continuing legal education ("MCLE") requirements (per SCBD No. 7260) and for non payment of dues (per SCBD No. 7261); effective June 6, 2022.
¶3 The Complainant alleges it has received evidence indicating Respondent's conduct poses an immediate threat of substantial and irreparable public harm. Complainant, with the concurrence of the Professional Responsibility Commission, requests an emergency immediate interim suspension pursuant to Rule 6.2A, RGDP.
¶4 In support, the OBA reports that it has received sufficient evidence demonstrating Respondent has committed conduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.3, 5.5, 8.1(b) and 8.4(a)(c) and (d) of the Oklahoma Rules of Professional Conduct, and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings, and that the conduct poses an immediate threat of substantial and irreparable public harm.
¶5 The OBA details in the verified complaint the specific allegations arising from the six counts filed against the Respondent. These include grievances filed by multiple judges and one attorney, a grievance filed due to an outstanding bench warrant issued for Respondent, and a grievance filed due to Respondent's conduct during her deposition before the OBA.
¶6 The first grievance arises from Respondent's communications and resulting appearance in court before Judge Strubhar in Canadian County on June 16, 2022, as the attorney of record for Christopher Patrick in Patrick v. Patrick, Canadian County District Court Case No. FD-2010-100, wherein Respondent's license was suspended. Respondent denied to Judge Strubhar that her license was not in good standing, only to have the OBA's General Counsel's Office confirm the suspension over the speaker phone during the court proceeding.
¶7 The second grievance arises from Respondent's unauthorized practice of law in Oklahoma County before Judge Kerr in a custody modification matter in FD-2012-3281 on October 10, 2022. Based on Respondent's statement to OBA investigator Willis regarding her need to prepare for an upcoming trial, the OBA discovered that Respondent was scheduled to appear on behalf of client Michael Hall in a custody modification matter. The OBA contacted Judge Kerr on October 6, 2022, to verify that the matter was scheduled for trial and to inquire whether the court was aware of Respondent's suspension. Judge Kerr was unaware of Respondent's suspension and advised the trial was scheduled to begin on October 10, 2022. On October 10, 2022, as a preliminary matter, Respondent testified under oath that she was currently licensed to practice law, that there was an investigation into the matter of her suspension, that she had made a formal complaint to the FBI regarding multiple records being removed from the OBA, and that her suspension from the practice of law was not accurate.
¶8 The third grievance arises from Respondent's unauthorized practice of law in Oklahoma County before Judge Stinson in a name change matter in CV-2022-1056 on July 20, 2022. Given Respondent's unauthorized practice of law before Judge Kerr, the OBA emailed the Oklahoma County District Court Administrator requesting that she forward an email to the judges regarding Respondent's suspension orders along with a request to the judges to review their dockets to see whether Respondent made any appearances as an attorney in court on their dockets since her suspension on June 6, 2022, and if so, to advise the OBA. Judge Stinson advised that Respondent appeared in her courtroom on behalf of Christy Kaye Tiffin on July 20, 2022. Judge Stinson advised she was unaware of Respondent's suspension.
¶9 The fourth grievance arises from an active bench warrant for Respondent issued by the Lincoln County District Court in State of Oklahoma v. Melissa Lipe, Case No. CM-2022-37. On February 16, 2022, Respondent was charged with Count I - Reckless Driving (in a school zone) and Count II - Driving Under Suspension. Respondent appeared in court pro se on May 6, 2022, and entered a plea of "not guilty," and waived her right to a speedy trial. Respondent's case was continued to July 1, 2022; however, Respondent failed to appear. The Lincoln County District Court entered an order forfeiting Respondent's bond and issued a bench warrant for her arrest. To date, the bench warrant remains outstanding.
¶10 The fifth grievance arises from the Respondent's deposition testimony before the OBA. Respondent testified repeatedly that she was in compliance with paying her OBA dues in a timely fashion and that she had taken numerous hours of CLE online to satisfy her mandatory requirements, despite presenting any evidence to the contrary. Likewise, Respondent denied that her license to practice law was ever suspended. Respondent also admitted to meeting with clients, accepting at least $5,000 in legal fees, and to providing legal services since her suspension on June 6, 2022.
¶11 The sixth grievance against Respondent was received from attorney Nikolas Rankin regarding Respondent's involvement in Slaughter v. Snider in Marshall County District Court Case No. CJ-2018-48. Rankin, who represents the plaintiff, reported that on November 15, 2022, Respondent filed a Substitution of Counsel on behalf of the defendants, Snider and Elite Blue, LLC, wherein she advised the Court of Attorney Michael Tipps' withdrawal and directed all future correspondence and pleadings be sent to "Melissa A. Lipe, OBA No. 19437 [FN*]". The footnote on the pleading provided: "*CONFIDENTIAL - Suspended by Order of June 9, 2022 for failure to pay dues and complete CLE, contested." Rankin's grievance advised that he contacted the OBA to confirm Respondent's suspension from the practice of law before filing this grievance and that Rankin had also filed an objection to Respondent's motion based on Respondent's suspension so that Judge Coppege would be aware of the issue. The OBA opened a formal investigation into the matter and Respondent wholly failed to respond.
¶12 The Court ordered Respondent to show cause, no later than February 14, 2023, why an emergency interim suspension should not be entered. The Court sent a file-stamped copy of the order and verified complaint to Respondent. Respondent did not file a response or objection to the verified complaint and application for emergency interim suspension and/or the show cause order.
¶13 Upon consideration of the verified complaint and application for emergency interim suspension, the Court finds that Respondent has committed conduct in violation of the Oklahoma Rules of Professional Conduct that poses an immediate threat of substantial and irreparable public harm.
¶14 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent, Melissa Ann Lipe, is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.
¶15 FURTHERMORE, Respondent is ordered to give written notices by certified mail, within twenty (20) days from the date of this Order, to all of her clients having legal business pending of her inability to represent them and the necessity for promptly retaining new counsel. If Respondent is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which Respondent has substantial responsibility. Respondent shall file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and the Clerk of the Supreme Court stating that she has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which Respondent is admitted to practice.
¶16 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on March 6, 2023.
/S/CHIEF JUSTICE
Kane, C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Darby and Kuehn, JJ., concur;
Rowe, V.C.J, recused.